UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHURCH OF THE WORD,

      Plaintiff,                                   Case No. 22-12687

v.                                           Honorable Nancy G. Edmunds

GEORGE BLOOMER,

      Defendant.

_____/

**OPINION AND ORDER DENYING MOTION TO DISMISS [12]**

This state-law fraud case is before the Court on the basis of diversity jurisdiction. Plaintiff Church of the Word, doing business as Word Network Church ("Plaintiff" or "WNC"), alleges in its Amended Complaint that Defendant George Bloomer misrepresented and/or fraudulently did not disclose to WNC that he sexually assaulted a minor many years before his business relationship with WNC began. Defendant now moves under Federal Rule of Civil Procedure 12(b)(6) to dismiss the Amended Complaint. (ECF No. 12.) Plaintiff filed a response in opposition to the motion and Defendant replied. (ECF Nos. 14, 16.) For the reasons that follow, Defendant's motion is denied.

**I.    Factual Background**

Plaintiff alleges the following in its Amended Complaint[1] (ECF No. 11):

WNC is a Christian production company that produces and features religious programming hosted predominantly by African American religious leaders. In September 2011, Plaintiff, through its Chief Executive Officer Kevin Adell, approached Defendant to

---

[1] When reviewing a motion to dismiss under Rule 12(b)(6), a court must accept the allegations in the complaint as true. *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007).

1

inquire if he would like to use production and airtime at WNC for his sermons and to promote the sale of his Christian books. Defendant met with Adell, discussed his experience, and, shortly thereafter, began using periodic airtime at WNC. During Defendant's airtime, he preached, advertised his books, and solicited donations. Viewers had the option to purchase Defendant's books through WNC. Upon receipt of a purchase request, WNC would order the corresponding number of Defendant's books and then package and ship the books directly to viewers in WNC packaging.

In or around September 2012, approximately one year after the parties' business relationship began, Defendant approached Plaintiff[2] and stated that he "had to come clean" with Plaintiff "about his past." He continued by stating he had served time in prison and that he was a former drug dealer. Plaintiff asked Defendant if that was all he had to disclose about his past and Defendant responded that there was nothing else. Plaintiff concluded that Defendant paid his dues with regard to the drug-related offenses and that these offenses did not jeopardize WNC's positive reputation and success. In doing so, Plaintiff relied on the "come clean" discussion and Defendant's special position as a Christian pastor in allowing Defendant continued airtime, production staff, book-selling privileges, and access to a live studio audience that sometimes included children.

Defendant used WNC's platform from 2011 until his last airdate on May 8, 2019. In all the time Defendant used Plaintiff airtime or promoted the sale of his books, he never disclosed anything negative about his past to WNC besides his prior drug issue and time spent in prison.

---

[2] Presumably, Defendant spoke with Adell, but the Amended Complaint is unclear stating only that Defendant spoke with WNC.

Approximately two years after Defendant stopped appearing on WNC's platform, WNC states it learned that Defendant had, 25-30 years prior, sexually assaulted two minors, one of whom was thirteen years old at the time of the assault. The victims were members of the church where Defendant was preaching at the time. One of the victims, now an adult, had uploaded "multiple videos and audio recordings" to social media wherein he discussed the assault by Defendant. The videos also include audio of Defendant admitting to the assaults. Though Defendant had knowledge of the sexual assaults, or alternatively had knowledge of rumors of sexual assaults, Defendant never informed WNC.

In the present case, Plaintiff brings state-law fraud claims and asserts that it would never have allowed Defendant on air, access to a live studio audience, or book-selling privileges if it had known about the sexual assaults. Plaintiff seeks "full rescission of any and all business arrangements" between it and Defendant,[3] damages to compensate for harm to WNC's reputation, and attorney fees and costs.

## II.   Legal Standard

Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a case where the complaint fails to state a claim upon which relief can be granted. When reviewing a motion to dismiss under Rule 12(b)(6), a court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir.

---

[3] One of the contracts between WNC and Defendant is the subject of another lawsuit also pending before this Court. *See George Bloomer v. The Word Network Operating Company, Inc.*, Civil Case No. 22-12433 (E.D. Mich, filed October 12, 2022).

2007). But the court "need not accept as true legal conclusions or unwarranted factual inferences." *Id.* (quoting *Gregory v. Shelby County*, 220 F.3d 433, 446 (6th Cir. 2000)).

A plaintiff's factual allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." *LULAC v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007). Dismissal is appropriate if the plaintiff failed to offer sufficient factual allegations that make the asserted claim plausible on its face. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "claim is facially plausible when a plaintiff 'pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Matthew N. Fulton, DDS, P.C. v. Enclarity, Inc.*, 907 F.3d 948, 951-52 (6th Cir. 2018) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

### III. Analysis

"Michigan's contract law recognizes several interrelated but distinct common-law doctrines—loosely aggregated under the rubric of 'fraud'—that may entitle a party to a legal or equitable remedy if a contract is obtained as a result of fraud or misrepresentation. These doctrines include actionable fraud, also known as fraudulent misrepresentation; innocent misrepresentation; and silent fraud, also known as fraudulent concealment." *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567 (Mich. 2012). Here, Plaintiff asserts claims of actionable fraud and silent fraud. (ECF No. 11.)

### A.     Actionable Fraud

To properly state a claim of actionable fraud, a plaintiff must allege facts to show: (1) the defendant made a material representation; (2) that it was false; (3) that when he made it, he knew that it was false, or made it recklessly, without any knowledge of its truth

4

and as a positive assertion; (4) that he made it with the intention that it should be acted upon by the plaintiff; (5) that the plaintiff did, in fact, act in reliance upon it; and (6) that he suffered injury as a result. *Titan Ins. Co.*, 817 N.W.2d at 567-68. Plaintiff alleges facts to support each of these elements.

First, Plaintiff asserts that Defendant made the affirmative representation that he had nothing further to disclose, other than his drug issue and time spent in prison. (ECF No. 11, ¶ 17.) According to Plaintiff, this statement was false and Defendant knew it was false because Defendant had, in fact, committed the crime of sexual assault of a minor. (*Id.* at ¶ 28.) Further, Plaintiff alleges in the Amended Complaint that Defendant made this false representation because he wished for Plaintiff to act upon that fact, *i.e.*, he wished for Plaintiff to continue its business relationship with him. (*Id.* at ¶ 42.) Plaintiff claims it relied upon Defendant's representation and ultimately suffered harm to its reputation, good will, and viewership trust because it continued to do business with Plaintiff. (*Id.* at ¶¶ 32, 44.)

### B.  Silent Fraud

Silent fraud is essentially the same as actionable fraud, except that it is based on a defendant suppressing a material fact that he was legally obligated to disclose, rather than making an affirmative misrepresentation. *Alfieri v. Bertorelli*, 813 N.W.2d 772, 775 (Mich. App. 2012). The plaintiff must show the defendant had a legal or equitable duty of disclosure, and yet that he intentionally suppressed the truth. *Titan Ins. Co.*, 817 N.W.2d at 569; *U. S. Fid. & Guar. Co. v. Black*, 313 N.W.2d 77, 88 (Mich. 1981).

In this case, Plaintiff claims Defendant had a duty to disclose his history of sexual assault. This duty, Plaintiff states, arose from WNC's specific inquiry about his past

criminal history, or alternatively, from Defendant's duty as a Christian pastor who is a "mandatory reporter" of child abuse pursuant to the Child Protection Law, Act 238 of 1975. *See* Mich. Comp. Laws § 722.623.

The Child Protection Law requires certain persons, including members of the clergy, to report child abuse or neglect to Children's Protective Services ("CPS"). *Id.* Defendant argues the "purpose of the statute," being to protect children, gave rise to a legal duty to disclose the sexual assaults to WNC since children were sometimes present in the WNC live studio audience. This argument is not persuasive, however, as the statute plainly requires disclosure to "centralized intake" at CPS, not an employer or party with whom one has a business relationship. *See Hoge v. Honda of Am. Mfg., Inc.*, 384 F.3d 238, 246 (6th Cir. 2004) (noting that, "[i]f clear, the plain meaning of the statutory language controls . . ."); *see also People v. Maynor*, 683 N.W.2d 565, 568 (Mich. 2004) ("[w]here the language [of a statute] is unambiguous, we give the words their plain meaning and apply the statute as written.") "Only where the statutory language is ambiguous may a court properly go beyond the words of the statute to determine legislative intent." *People v. Borchard-Ruhland*, 597 N.W.2d 1, 6 (Mich. 1999). Thus, for Plaintiff to survive dismissal of its silent fraud claim, a duty must have arisen in response to Plaintiff's question to Defendant of whether he had anything further to disclose.

The Court finds this question from Plaintiff did create a duty for Defendant to disclose his prior sexual assault acts, if they were true.[4] A duty to disclose may arise in response to a direct inquiry or a particularized concern. *Alfieri*, 813 N.W.2d at 775 (citing *M&D, Inc. v. W.B. McConkey*, 585 N.W.2d 33, 38 (Mich. App. 1998)). For example, if a

---

[4] The Court disagrees with any suggestion from Plaintiff that Defendant had a duty to report "rumors" of his sexual assaults if those rumors were untrue. *See* ECF No. 11 ¶ 28.

6

customer makes a specific inquiry to a vendor regarding the condition of a product, the vendor has a duty to disclose any material defects in the product of which he is aware. *See Hord v. Env't Rsch. Inst. of Michigan*, 617 N.W.2d 543, 549 (Mich. 2000) (citing *Nowicki v. Podgorski*, 101 N.W.2d 371 (Mich. 1960)). Here, Plaintiff alleges that it specifically asked Defendant if he had anything else to disclose, besides his history of drug activity and incarceration. (ECF No. 11 ¶ 17.) An omission or "misleadingly incomplete response" from Defendant, as was alleged, would constitute silent fraud. *Alfieri*, 813 N.W.2d at 775 (citing *The Mable Cleary Trust*, 686 N.W.2d 770 (Mich. App. 2004) (*overruled in part on other grounds* by *Titan Ins. Co.*, 817 N.W.2d at 568 n.4.)) *See also MacDonald v. Thomas M. Cooley Law Sch.*, 724 F.3d 654, 666 (6th Cir. 2013) ("a legal duty to make a disclosure arises most commonly in a situation where inquiries are made by the plaintiff, to which the defendant makes incomplete replies that are truthful in themselves but omit material information") (quotation marks and citation omitted); (ECF No. 11 ¶ 49.) Accordingly, Plaintiff states a claim for silent fraud.

  **C.**  **Pleading Requirements**

  As a last attempt at dismissal, Defendant argues Plaintiff failed to plead its fraud claims with particularity. *See* Fed. R. Civ. P. 9(b); *Stephens v. Worden Ins. Agency, LLC*, 859 N.W.2d 723, 729 (Mich. App. 2014) ("Fraud claims must be pleaded with particularity, addressing each element of the tort.") As discussed above, Plaintiff alleged facts that, if proven, would satisfy each element of its claims. Thus, Plaintiff satisfied the requisite pleading requirements.

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Dismiss the Amended Complaint (ECF No. 12) is **DENIED**. This decision was made on the briefs, without oral argument. *See* E.D. Mich. L.R. 7(f)(2), ECF No. 13. Defendant shall provide an answer to Plaintiff's Amended Complaint within **14 days**.

**SO ORDERED.**

s/ Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: September 17, 2023

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 17, 2023, by electronic and/or ordinary mail.

s/ Lisa Bartlett
Case Manager