UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CHURCH OF THE WORD d/b/a
WORD NETWORK CHURCH,

        Plaintiff,

vs.

        Case No. 22-CV-12687

        Honorable Nancy G. Edmunds

GEORGE BLOOMER,

        Defendant.
_____/

OPINION AND ORDER GRANTING DEFENDANT'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 27)

      This is a fraud case brought by Plaintiff Church of the Word d/b/a Word Network Church (WNC) against Defendant Bishop George Bloomer (Bloomer). Plaintiff alleges that Defendant made a material misrepresentation and/or omitted a material fact so Plaintiff would continue its business relationship with him. As a result of its reliance on the misrepresentation and/or omission, Plaintiff claims it suffered harm to its reputation and good will. (ECF No. 11.)

      The matter is before the Court on Defendant's motion for summary judgment. (ECF No. 27.) Plaintiff filed a response in opposition to Defendant's motion. (ECF No. 29.) Defendant filed a reply. (ECF No. 30.) Upon a careful review of the written submissions, the Court deems it appropriate to render its decision without a hearing pursuant to Local Rule 7.1(f)(2). For the following reasons, Defendant's motion is GRANTED.

FACTUAL BACKGROUND

Plaintiff WNC is a Christian production company that features televised programming hosted primarily by African American religious leaders. WNC's programs air on The Word Network (TWN), which has been described as the largest African American religious network in the world. WNC and TWN were created by Kevin Adell (Adell), who is the owner and CEO of both entities. Defendant Bloomer is an African American televangelist, pastor and author.

In or around 2011, Adell was looking for a new host for one of his programs. Adell had seen Bloomer on another network and invited him to visit TWN to talk about the hosting opportunity. (ECF No. 27-2, PageID.486-488.) Bloomer visited the studio and Adell gave him a tour. (*Id*. at PageID.489.) Afterward, the men sat in the studio and discussed Bloomer's background. (*Id*. at PageID.491-492.)

Adell asked Bloomer if there was anything he should know before putting him on the air, specifically anything that could embarrass the network. (*Id*. at PageID.492.) Bloomer said he wanted to be honest with Adell and told him that he went to prison as a young man for selling drugs. *Id*. Adell asked him if that was it, and Bloomer said it was. *Id*. This conversation is referred to by Plaintiff as the "come clean" discussion. Adell said that he believed Bloomer. (*Id*. at PageID.507.) After this initial meeting, Bloomer began hosting a program on TWN.

On or about April 2019, blogger Larry Reid called Bloomer to inform him that Jimmy Battles (Battles) was accusing Bloomer of sexually assaulting him many years earlier when Battles was a minor. (ECF No. 27-4, PageID.613.) Bloomer asked Reid for

2

Battles' phone number and contacted him directly. *Id*. Battles recorded the call without Bloomer's knowledge and posted a portion of it on the internet. During the conversation, Bloomer initially apologized to Battles for not remembering him. After listening to Battles, Bloomer eventually remembered meeting him in the 1990s when he was a guest preacher in Florida. (*Id*. at PageID.608, 610.) Bloomer denies ever committing sexual assault, denies that he apologized to Battles for committing a sexual assault, and denies ever been charged with sexual assault. (*Id*. at PageID.621, 652-653.)

Bloomer contends that he was forced to leave the network in September of 2019. His allegation that he was constructively discharged due to racial animus is the subject of another case pending before this Court. *See Bloomer v. The Word Network, et al.*, Case No. 22-12433.

On April 27, 2020, Pastor Darrell Scott sent Adell a text message informing him that Battles was posting videos on YouTube in which he claimed Bloomer sexually assaulted him in the 1990s. (ECF No. 27-5, PageID.660.) Plaintiff filed its complaint against Bloomer on November 7, 2022. The complaint alleges that Bloomer fraudulently concealed his prior commission of sexual assault by not disclosing it when Adell asked him if he had anything embarrassing to disclose during the come clean discussion in 2011. Plaintiff alleges that it relied on Bloomer's answers during the come clean discussion, concluding that his past drug dealing would not put WNC employees or audience members in harm's way and permitting Bloomer to appear on air. Plaintiff alleges two counts against Bloomer: fraudulent misrepresentation and silent fraud.

3

STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56(a) provides, "[t]he court shall grant summary judgment if the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The moving party has an initial burden to inform the court of the portions of the record "which it believes demonstrate the absence of a genuine dispute of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party meets its burden, the non-moving party must make a "showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Id.* at 322-23. Finally, the court "consider[s] all facts and inferences drawn therefrom in the light most favorable to the nonmovant." *City of Wyandotte v. Consol. Rail. Corp.*, 262 F.3d 581, 585 (6th Cir. 2001).

ANALYSIS

I.  Plaintiff's Claims are Time-Barred

In Michigan, claims sounding in fraud, such as those alleged by Plaintiff, are subject to the residual six-year limitations period. Mich. Comp. Laws § 600.5813; *Adams v. Adams*, 742 N.W.2d 399, 403 (2007). The limitations period begins to run from the time the claim accrues, and the claim "accrues at the time the wrong upon which the claim is based was done regardless of the time when damage results." Mich. Comp. Laws § 600.5827.

4

A.     Fraudulent Misrepresentation

Fraudulent misrepresentation entails a defendant making a false representation of material fact with the intention that the plaintiff will rely on it, where the defendant either knows the representation is false when he makes it or he makes it recklessly without any knowledge of its truth, and the plaintiff actually relies on the representation and suffers damages as a result. *Titan Ins. Co. v. Hyten*, 817 N.W.2d 562, 567 (Mich. 2012). A claim for fraudulent misrepresentation requires an affirmative false representation intended to deceive. *M & D, Inc v W B McConkey*, 585 N.W.2d 33, 36-37 (1998). The affirmative false representation relied on by Plaintiff is Bloomer's statement, made at the come clean discussion in 2011, that he had nothing further to disclose. Therefore, Plaintiff's fraudulent misrepresentation claim accrued in 2011.

Plaintiff argues that in reliance on Bloomer's fraudulent representation, it permitted Bloomer to use WNC's production services and platform from 2011 to 2019. Throughout that period, Bloomer continued to stay silent about his alleged sexual assaults, thus inflicting new and ongoing harm to WNC's reputation. Plaintiff asserts that the wrong occurred, and therefore its claim accrued, during the come clean discussion *and* during every appearance Bloomer made on WNC's platform thereafter. By Plaintiff's account, the six-year statute of limitations runs from Bloomer's last WNC engagement in 2019.

Plaintiff is incorrect for two reasons. First, a claim for fraudulent misrepresentation requires an affirmative false representation. According to Plaintiff, Bloomer made the actionable fraudulent representation in response to Adell's question

5

during the come clean discussion, when he stated he had nothing further to disclose aside from his drug dealing and prison sentence. There is no allegation that Bloomer made another affirmative false representation at any time after the come clean discussion. Therefore, Plaintiff's claim did not accrue at a later date.

Second, under Michigan law, the continuing wrongs doctrine does not apply to fraudulent misrepresentation claims that sound in contract. *See Currithers v. FedEx Ground Package Sys., Inc.*, No. 04-10055, 2012 WL 458466, at *10 (E.D. Mich. Feb. 13, 2012) (where plaintiffs alleged misrepresentations were made to induce them to enter into the Operating Agreement, court held the fraudulent misrepresentation claims sounded in contract so the continuing wrongs doctrine did not apply). Here, Plaintiff alleges that Bloomer made the false representation with the intent that Plaintiff would continue its business relationship with him. (FAC at ¶ 42, ECF No. 11, PageID.175.) Because Plaintiff's fraudulent misrepresentation claim sounds in contract, the continuing wrongs doctrine does not apply to extend the accrual date of Plaintiff's fraudulent misrepresentation claim.

Both parties discuss Michigan's fraudulent concealment statute, which tolls the statute of limitations period if a person fraudulently conceals the existence of a claim for which he may be liable from the person entitled to sue on the claim. Mich. Comp. Laws § 600.5855. If applicable, the statute provides an exception to the statute of limitations, such that an action may be commenced within two years after the person who is entitled to bring the action discovers, or should have discovered, the existence of the claim. *Id*. "Fraudulent concealment means employment of artifice, planned to prevent inquiry or

6

escape investigation, and mislead or hinder acquirement of information disclosing a right of action." *Balsamo v. Dalcoma Prop., LLC*, No. 361114, 2023 WL 3560443, at *6 (Mich. Ct. App. May 18, 2023) (citing *Doe v Roman Catholic Archbishop of Archdiocese of Detroit*, 692 N.W.2d 398, 405 (2004) (cleaned up)). To toll a statute of limitations, an affirmative act of fraud is required; "mere silence on the part of the defendant is not enough." *Chandler v. Wackenhut Corp.*, 465 F. App'x 425, 427–28 (6th Cir. 2012) (citation omitted). Under Federal Rule of Civil Procedure 9(b), allegations of fraudulent concealment must be pled with particularity. *Forrester v. Clarenceville Sch. Dist.*, 537 F. Supp. 3d 944, 954–55 (E.D. Mich. 2021) (citations omitted).

In the matter before this Court, the only affirmative act Plaintiff alleges is that, during the come clean discussion, Bloomer made the fraudulent representation that he had nothing else to disclose, with the purpose of inducing Plaintiff to enter a business relationship with him. This allegation does not support a claim that Bloomer acted fraudulently to conceal Plaintiff's potential cause of action for fraudulent misrepresentation. In fact, after considering the tolling statute, even Plaintiff concludes it was not triggered. (ECF No. 29, PageID.755.)

The Court concludes that Plaintiff's fraudulent misrepresentation claim is barred by the six-year statute of limitations which accrued in 2011. Plaintiff's complaint, filed in November of 2022, is dismissed as untimely.

B.  Silent Fraud

Silent fraud differs from fraudulent misrepresentation in that instead of being based on an affirmative misrepresentation, the defendant must have suppressed a

7

material fact he was legally obligated to disclose. *Alfieri v. Bertorelli*, 813 N.W.2d 772, 775 (Mich. App. 2012); *see* Opinion and Order Denying Motion to Dismiss, ECF No. 17. The plaintiff must show the defendant had a legal or equitable duty of disclosure, and that he intentionally suppressed the truth. *Titan Ins. Co.*, 817 N.W.2d at 569; *U. S. Fid. & Guar. Co. v. Black*, 313 N.W.2d 77, 88 (Mich. 1981). A duty to disclose may arise in response to a direct inquiry or a particularized concern. *Alfieri*, 813 N.W.2d at 775 (citing *M&D*, 585 N.W.2d at 38).

Here, Plaintiff's silent fraud claim is based on Defendant's duty to disclose his prior sexual assault acts, if true, in response to Adell's direct question whether Defendant had anything further to disclose. Therefore, Plaintiff's silent fraud claim accrued during the come clean conversation in 2011.

Plaintiff attempts to convince the Court that its silent fraud claim accrued as late as 2019. Plaintiff asserts that the claim was renewed during every appearance Bloomer made on WNC's platform between 2011 and 2019 because he continued to stay silent. Plaintiff argues Bloomer's duty to disclose arises from his mandatory duty as a pastor to report child abuse pursuant to the Child Protection Law. *See* Mich. Comp. Laws § 722.623. This Court previously held that the Child Protection Law requires disclosure to "centralized intake" at Child Protective Services, not an employer or party with whom one has a business relationship. (ECF No. 17, PageID.359.) The Child Protection Law does not give rise to a duty that can support a claim of silent fraud.

Plaintiff has not raised any other source creating a legal duty that arose after the come clean conversation. Therefore, Plaintiff's silent fraud claim accrued in 2011,

8

making the complaint, filed eleven years later in 2022, untimely under the six-year statute of limitations.

## CONCLUSION

For the reasons stated above, Defendant's motion for summary judgment (ECF No. 27) is GRANTED and Plaintiff's First Amended Complaint is dismissed in its entirety.

SO ORDERED.

> s/Nancy G. Edmunds
> Nancy G. Edmunds
> United States District Judge

Dated: June 3, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 3, 2025, by electronic and/or ordinary mail.

> s/Marlena Williams
> Case Manager